Company receiving cans delivered and retaining them under such circumstances as would amount to acceptance, held liable for price, whether or not they were size ordered. Whitaker-Glessner Co. v. Strick et, OA. 6 Abs. 111.

**1104. STATUTES.**

1. Courts cannot read into statute that which does not appear therein. Presumption that lawmakers included all that was intended.

2. In interpretation and construction, courts must give effect to intent of legislature.

3. Where words and sentences are free from ambiguity, no occasion to resort to other means of interpretation. Ohio Sav. & Tr. Co. v. Schneider et, OA. 6 Abs. 110.

**1139. SURETY BONDS.**

1. Probate Court has power to demand conditions in bond beyond requirements of Statute when it deems same necessary for safety of ward's estate.

2. Condition in bond cannot be limited by terms of statute under which it is given.

3. Where, in proceedings to sell real estate, guardian gives additional general bond, amount recoverable is not fixed by sum realized from the sale.

4. A reinvestment of proceeds of sale of real estate under order of Court does not relieve surety if fund is not finally accounted for and paid over to proper person. (Sec. 10933 GC.) Huntington, Guard. v. Globe Indemnity Co. OA. 6 Abs. 99.

**1247. WAIVERS.**

Falls Sav. & Loan Assn. v. Brumit et, OA. 6 Abs. 39; See correction 6 Abs. 112.

**1265. WEIGHT OF EVIDENCE.**

Only as a matter of law can reviewing court, in Ohio, reverse judgment on weight of evidence. Cannot be done because members of court, on submission of facts, might hold different view. Forkapa Realty Co. v. Brandt Co., OA. 6 Abs. 107.

1. Court of Appeals bound by decisions of Supreme Court on question of reversing judgment.

2. Judgment, in criminal case, cannot be reversed unless and manifestly against weight of evidence as matter of law and not as matter of opinion.

3. Judgment cannot be disturbed where there is credible evidence supporting it, though reviewing court has different opinion than that of trial court. Lupico v. State, OA. 6 Abs. 111.

**1283. WORKMEN'S COMPENSATION.**

1. Sec. 1365-37 to 1365-108 GC. must be given liberal construction.

2. For recovery under Workmen's Compensation Law, necessary that record show act causing injury or fatility was related either directly or indirectly to employment. Langeheim v. Indust. Com., OA. 6 Abs. 111.

# SYLLABI
# Ohio Supreme Court

BREUR v. P. U. C.

Ohio Supreme Court.

No. 29673. Decided Feb. 1, 1928.

Error to P. U. C.

Order affirmed.

**260. COMMON CARRIERS—**

1. Whether a person charged as one, is such a carrier, is a question of fact.

2. Transporter of merchandise in motor vehicles, held to be such a carrier, and subject to regulation, though he exacts an advance contract with the customer to the contrary.

MARSHALL, CJ.

1. It is a question of law for the court to determine what constitutes a common carrier; but it is a question of fact whether one charged as a common carrier is within that definition and is carrying on his business in that capacity.

2. One who transports merchandise in motor vehicles over the highways of this state for hire and holds himself out to the public as being willing to serve the public indifferently to the limit of his capacity is a common carrier and subject to regulation as such though in each instance he makes a written contract before transporting the merchandise and refuses to carry for persons who are not responsible or who will not sign a written contract.

(Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.)

# OFFICIAL SYLLABI
# Ohio Appeals

OHIO SAVINGS & TR. CO. v.
SCHNEIDER et.

Ohio Appeals, 5th Dist., Tuscarawas Co.

Wilkin, Fernsell & Fisher, New Philadelphia, for Savings & Tr. Co.

Louis Welty, New Philadelphia; Bennett, Westfall & Bennet, Columbus, and Wm. Simpson, Canton, for Schneider.

755. MECHANIC'S LIEN—953a. Priority —1104. Statutes.

HOUCK, J.

1. Laborers and materialmen, performing work and furnishing material in construction of sewer systems for city, seeking favor under mechanic's lien law, who do not file copy of liens with county recorder, as provided in Section 8326 GC. lose right of priority over assignee from contractor of amount due under contract with city.

2. Rental of road roller used in construction of road for county is not subject of mechanics' lien under Sect. 8324 GC. authorizing liens for furnishing of machinery.

3. Courts cannot read into statute that which does not appear therein; it being presumed that lawmakers placed in statute all that was intended.

4. Courts are under duty in interpretation and construction of statutes to give effect to intent of Legislature.

5. If words and sentences used in statute are free from ambgiuity, and express clear purpose and intent of Legislature there is no occasion to resort to other means of interpretation.

(Shields and Lemert, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.